**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Michael B. Dvoren, Esq. (AZ Bar # 027386)
Email: Michael@rmwarnerlaw.com
Raeesabbas Mohamed, Esq. (AZ Bar #027418)
Email: Raees@rmwarnerlaw.com
Gideon Esakoff, Esq. (AZ Bar # 037490)
Email: Gideon@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bad Dragon Enterprises, Inc., a Nevada Corporation, | NO. _____ |
| Plaintiff, | |
| v. | |
| SinSaint, Inc., a New York Corporation | **COMPLAINT** |
| Defendant. | (JURY TRIAL DEMANDED) |

Plaintiff Bad Dragon Enterprises, Inc., ("**Plaintiff**") brings this Complaint against defendant SinSaint, Inc. ("**Defendant**").

**PRELIMINARY STATEMENT**

1.     Plaintiff is an industry-leading developer, manufacturer, and seller of adult entertainment products, including its extensive line of fantasy-themed sex toys. Plaintiff has obtained numerous copyright registrations for the unique, original sculptural design elements embodied in many of its sex toy products, including those at issue in this action.

1

2.      Recently, Plaintiff discovered that Defendant directly copied at least thirteen of Plaintiff's copyrighted products, and has been selling substantially similar products that are copied from and derivative of those copyrighted products, even going so far as to market, display, offer, and sell them at the recent January, 2024 AVN awards, the premier adult-industry sales convention and award show.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff is a Nevada corporation with its principal place of business at 901 W. Melinda Lane, Phoenix, Arizona, 85027.

4.      On information and belief, Defendant is a New York corporation with its principal place of business at 2201 Neptune Avenue #5, Brooklyn, New York, 11224.

5.      This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

6.      This Court may exercise personal jurisdiction over Defendant because a substantial portion of Defendant's conduct, upon which the allegations in this Complaint are based, occurred or caused events and injuries to occur within this district.  Additionally, on information and belief, Defendant has advertised, marketed, offered, sold, and distributed copyright infringing products that are the subject of this action, into this district. As such, Defendant has conducted business in Arizona, has purposefully availed itself of the rights and benefits of the laws of Arizona, and has sufficient minimum contacts with the State of Arizona arising out of and related to the copyright infringement claims at issue herein.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the acts and omissions giving rise to the claim occurred in this district, and a substantial part of property that is the subject of the action is situated in this district. ///

## **GENERAL ALLEGATIONS**

### **Plaintiff and its Copyrighted Works**

8.     Plaintiff is a well-known adult toy company based in Phoenix, Arizona that has won numerous adult industry awards for its innovative, fantasy-themed adult products and designs.

9.     Among Plaintiff's many innovative and unique products are the following:

   a) Crackers the Cockatrice® (https://bad-dragon.com/products/crackers);

   b) Fenrir the Wolf Dragon™ (https://bad-dragon.com/products/fenrir);

   c) Kelvin™ (https://bad-dragon.com/products/kelvin);

   d) Pretzal™ (https://da6npmvqm28oa.cloudfront.net/8898e549-5405-4d2a-b34b- 9edd0a5d7c00.jpg);

   e) Razor™ (https://bad-dragon.com/products/razor);

   f) Stan the T. Rex® (https://bad-dragon.com/products/stan);

   g) Spritz™ (https://bad-dragon.com/products/spritz);

   h) Ika® (https://bad-dragon.com/products/ika);

   i) Nocturne the Enderfang® (https://bad-dragon.com/products/nocturne);\

   j) Vergil™ (https://bad-dragon.com/products/vergil);

   k) Marcel® (https://bad-dragon.com/products/marcel);

   l) Echo's Horn® (https://bad-dragon.com/products/echohorn); and

   m) Tyson™ (https://bad-dragon.com/products/tyson).

10.     Each of the 13 products listed above (collectively, the "**Copyrighted Works**") feature unique, original sculptural design elements that are separable from the underlying useful article, and are protected under U.S. copyright law as sculptural works, pursuant to 17 U.S.C. § 102(a)(5).

///

3

11.     Plaintiff owns valid and enforceable copyrights in and to each of the Copyrighted Works.  *See* <u>Exhibits A-M</u> (copyright registrations for each of the Copyrighted Works).

12.     Plaintiff has enjoyed significant commercial success selling products that embody the Copyrighted Works, to wholesale and retail purchasers in the United States and in other countries, and has sold significant quantities of those products to those customers over time.

13.     Plaintiff has reserved all legal rights in and to the Copyrighted Works, and has not authorized anyone to reproduce, distribute, make derivative works of, display, or to make any other unauthorized uses of any of them, or any portions thereof.

<u>**Defendant's Willful Infringement of the Copyrighted Works**</u>

14.     Defendant advertises, markets, displays, reproduces, offers for sale, sells, and distributes certain sex toy products through its website, https://sinsaint.com/ (the "**Website**"), and through certain other trade channels, including at the recent January, 2024 AVN awards, the premier adult-industry sales convention and award show in Las Vegas.

15.     Among Defendant's products are the following thirteen products:

   a) Asmodeus (https://sinsaint.com/dildos/asmodeus-silicone-sex-toy) (infringes Crackers the Cockatrice®);

   b) Astaroth (https://sinsaint.com/dildos/astaroth-silicone-fantasy-toy-dildo) (infringes Fenrir™);

   c) Behemoth (https://sinsaint.com/dildos/behemoth-silicone-cock-toy) (infringes Kelvin™);

   d) Cobra (https://sinsaint.com/dildos/cobra-silicone-sex-dragon-toy) (infringes Pretzal™);

   e) Crane (https://sinsaint.com/dildos/crane-silicone-adult-toy) (infringes Razor™);

4

f) Gaur (https://sinsaint.com/dildos/gaur-silicone-toy) (infringes Stan the T. Rex®);

g) Idyll (https://sinsaint.com/dildos/idyll-silicone-novelties-toy) (infringes Spritz™);

h) Lao (https://sinsaint.com/dildos/lao-silicone-adult-fantasy-toy) (infringes Ika®);

i) Monarch (https://sinsaint.com/dildos/monarch-silicone-orgasms-toy) (infringes Nocturne the Enderfang®);

j) Ogle (https://sinsaint.com/dildos/ogle-silicone-adult-fantasy-toy) (infringes Vergil™);

k) Sauron (https://sinsaint.com/dildos/sauron-silicone-pleasure-toy) (infringes Marcel®);

l) Tomee (https://sinsaint.com/dildos/tomee-silicone-exotic-toy) (infringes Echo's Horn®); and

m) Willy (https://sinsaint.com/dildos/willy-silicone-fantasy-toy) (infringes Tyson™).

16.     Each of the thirteen products listed above (collectively, the "**Infringing Products**") directly copied, is substantially similar to, and therefore infringes the corresponding copyrighted work listed above next to Defendant's corresponding product. *See also* Exhibit N (chart listing each of the Copyrighted Works and each of the Infringing Products, along with the internet listing at which photos and design information for each product can be found.)

17.     Because each of the Infringing Products directly copies the protected sculptural design elements in the corresponding copyrighted work (*see* Exhibit N), Defendant is liable for direct infringement of all thirteen of the Copyrighted Works.

18.     On information and belief, Defendants' infringement is willful, as indicated by its copying of *thirteen* separate copyrighted products.

19.     On January 31, 2024, Plaintiff's counsel sent Defendant a demand letter (the "**Demand Letter**"), therein advising Defendant of Plaintiff's ownership of the Copyrighted Works, and Defendant's copyright infringement of the same through the Infringing Products.

20.     The Demand Letter also made certain demands of Defendant, including the demand that Defendant agree in writing to "permanently stop manufacturing (or causing to be manufactured), purchasing from suppliers, importing, advertising, marketing, offering for sale, selling, distributing, reproducing, displaying, making derivative works of, or making any other uses of the Infringing Products (including without limitation, offering and selling them through the Website), no later than April 01, 2024."

21.     By letter dated February 16, 2024, Defendant's counsel responded to the Demand Letter.  Therein, Defendant's counsel stated (among other things) that Defendant had "started the process of removing *some* of the allegedly infringing listings for product redesign".

22.     Defendant's response to the Demand Letter and ongoing acts of copyright infringement are unacceptable to Plaintiff, and Plaintiff has been and continues to be harmed by Defendant's ongoing, unlawful conduct.

## COUNT 1
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Crackers the Cockatrice®)

23.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

24.     Crackers the Cockatrice® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

25.    Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Crackers the Cockatrice® product, a copy of which is attached as Exhibit A.

26.    Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Asmodeus" product, which is copied from, derivative of, and substantially similar to Crackers the Cockatrice®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Crackers the Cockatrice®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

27.    On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful, and with full knowledge of Plaintiff's rights in and to Crackers the Cockatrice®, and has enabled Defendant illegally to obtain profit therefrom.

28.    As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

29.    Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Asmodeus" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

30.    Alternatively, Plaintiff is entitled to seek statutory damages of up to $150,000 for Defendant's willful infringement of Crackers the Cockatrice®, and for such other amount as may be proper, pursuant to 17 U.S.C. § 504(c).

31.    Plaintiff is further entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

//

//

7

**COUNT 2**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Fenrir the Wolf Dragon™)

32.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

33.     Fenrir the Wolf Dragon™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

34.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Fenrir the Wolf Dragon™ product, a copy of which is attached as Exhibit B.

35.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Astaroth" product, which is copied from, derivative of, and substantially similar to Fenrir the Wolf Dragon™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Fenrir the Wolf Dragon™,  in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

36.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Fenrir the Wolf Dragon™, and has enabled Defendant illegally to obtain profit therefrom.

37.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

38.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Astaroth" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

39.     Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

**COUNT 3**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Kelvin™)

40.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

41.     Kelvin™  is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

42.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Kelvin™ product, a copy of which is attached as Exhibit C.

43.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Behemoth" product, which is copied from, derivative of, and substantially similar to Kelvin™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Kelvin™,  in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Kelvin™, and has enabled Defendant illegally to obtain profit therefrom.

45.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

46.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Behemoth" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

47.     Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

## COUNT 4
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Pretzal™)

48.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

49.     Pretzal™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

50.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Pretzal™ product, a copy of which is attached as Exhibit D.

51.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Cobra" product, which is copied from, derivative of, and substantially similar to Pretzal™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Pretzal™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

52.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Pretzal™, and has enabled Defendant illegally to obtain profit therefrom.

53.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

54.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Cobra" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

55.     Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

## COUNT 5
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Razor™)

56.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

57.    Razor™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

58.    Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Razor™ product, a copy of which is attached as Exhibit E.

59.    Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Crane" product, which is copied from, derivative of, and substantially similar to Razor™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Razor™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

60.    On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Razor™, and has enabled Defendant illegally to obtain profit therefrom.

61.    As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

62.    Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Crane" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

63.    Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

11

## COUNT 6
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Stan the T. Rex®)

64.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

65.    Stan the T. Rex® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

66.    Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Stan the T. Rex® product, a copy of which is attached as Exhibit F.

67.    Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Gaur" product, which is copied from, derivative of, and substantially similar to Stan the T. Rex® , without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Stan the T. Rex®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

68.    On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Stan the T. Rex®, and has enabled Defendant illegally to obtain profit therefrom.

69.    As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

70.    Plaintiff is entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Gaur" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

71.    Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

## COUNT 7
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Spritz™)

72.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

73.     Spritz™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

74.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Spritz™ product, a copy of which is attached as Exhibit G.

75.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Idyll" product, which is copied from, derivative of, and substantially similar to Spritz™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Spritz™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

76.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Spritz™, and has enabled Defendant illegally to obtain profit therefrom.

77.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

78.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Idyll" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

79.     Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

//

13

**COUNT 8**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Ika®)

80.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

81.     Ika® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

82.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Ika® product, a copy of which is attached as Exhibit H.

83.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Lao" product, which is copied from, derivative of, and substantially similar to Ika®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Ika®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

84.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Ika®, and has enabled Defendant illegally to obtain profit therefrom.

85.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

86.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Lao" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

87.     Alternatively, Plaintiff is entitled to statutory damages of up to $150,000 for Defendant's willful infringement of Ika®, and for such other amount as may be proper, pursuant to 17 U.S.C. § 504(c).

88.     Plaintiff is further entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

**COUNT 9**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Nocturne the Enderfang®)

89.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

90.     Nocturne the Enderfang® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

91.     Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Nocturne the Enderfang® product, a copy of which is attached as Exhibit I.

92.     Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Monarch" product, which is copied from, derivative of, and substantially similar to Nocturne the Enderfang®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Nocturne the Enderfang®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

93.     On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Nocturne the Enderfang®, and has enabled Defendant illegally to obtain profit therefrom.

94.     As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

95.     Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the

"Monarch" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

96.     Alternatively, Plaintiff is entitled to statutory damages of up to $150,000 for Defendant's willful infringement of Nocturne the Enderfang®, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

97.     Plaintiff is further entitled to its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

**COUNT 10**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Vergil™)

98.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

99.     Vergil™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*.

100.    Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Vergil™ product, a copy of which is attached as Exhibit J.

101.    Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Ogle" product, which is copied from, derivative of, and substantially similar to Vergil™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Vergil™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

102.    On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Vergil™, and has enabled Defendant illegally to obtain profit therefrom.

103.    As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

104.    Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Ogle" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

105.    Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

**<u>COUNT 11</u>**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Marcel®)

106.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

107.    Marcel® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

108.    Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Marcel® product, a copy of which is attached as <u>Exhibit K</u>.

109.    Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Sauron" product, which is copied from, derivative of, and substantially similar to Marcel®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Marcel®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

110.    On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Marcel®, and has enabled Defendant illegally to obtain profit therefrom.

111.   As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

112.   Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Sauron" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

113.   Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

## <u>COUNT 12</u>
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Echo's Horn®)

114.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

115.   Echo's Horn® is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

116.   Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Echo's Horn® product, a copy of which is attached as <u>Exhibit L</u>.

117.   Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Tomee" product, which is copied from, derivative of, and substantially similar to Echo's Horn®, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Echo's Horn®, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

118.   On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Echo's Horn®, and has enabled Defendant illegally to obtain profit therefrom.

119.   As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

120.   Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Tomee" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

121.   Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

**<u>COUNT 13</u>**
(Direct Copyright Infringement, 17 U.S.C. § 501)
(Tyson™)

122.   Plaintiff realleges all preceding paragraphs as if fully set forth herein.

123.   Tyson™ is an original work containing copyrightable sculptural design elements for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.*

124.   Plaintiff exclusively owns a valid copyright registration covering the sculptural design elements embodied in the Tyson™ product, a copy of which is attached as <u>Exhibit M</u>.

125.   Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, display, and sale of its "Willy" product, which is copied from, derivative of, and substantially similar to Tyson™, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in Tyson™, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

126.   On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in Tyson™, and has enabled Defendant illegally to obtain profit therefrom.

127.   As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to actual damages, in an amount to be proven at trial, as well as other remedies at law.

128.   Plaintiff is also entitled to the recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the "Willy" product, and an accounting of and a constructive trust with respect to such profits, pursuant to 17 U.S.C. § 504(b).

129.   Plaintiff is further entitled to its full costs, pursuant to 17 U.S.C. § 505.

## **DEMAND FOR JUDGMENT**

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

a)   Entering judgment in favor of Plaintiff and against Defendant on all counts;

b)   Pursuant to 17 U.S.C. § 502, restraining and permanently enjoining Defendant, and each of its officers, directors, managers, agents, representatives, servants, employees, contractors, and all persons in active concert or participation with any of them, from continuing to infringe any of the Copyrighted Works;

c)   Awarding Plaintiff its actual damages suffered as a result of Defendant's infringement of the Copyrighted Works, under 17 U.S.C. § 504(b);

d)   Awarding disgorgement of all of Defendant's profits attributable to Defendant's infringement of the Copyrighted Works, under 17 U.S.C. § 504(b);

e)   Awarding Plaintiff (*if Plaintiff so elects*) statutory damages in the amount of up to $150,000 per work infringed, under 17 U.S.C. § 504(c), for each applicable copyrighted work infringed;

f)   Awarding Plaintiff its reasonable attorney's fees, under 17 U.S.C. § 505, for each applicable copyrighted work infringed;

g)   Awarding Plaintiff its full costs, under 17 U.S.C. § 505;

h)      Ordering Defendant to provide a full written accounting of all of Defendant's revenues and profits attributable to Defendant's infringing conduct, including all of Defendant's revenues and profits derived from sales of the Infringing Products as well as any products, works, or other materials that include, copy, are derived from, or otherwise embody any of the Copyrighted Works;

i)      Awarding Plaintiff pre-judgment and post-judgment interest on all damages awarded to Plaintiff, and that such interest be awarded at the highest legal rate from and after the date this complaint is first served on Defendant; and

j)      Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Under Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.


Respectfully Submitted this 20th day of March, 2024.


                                   **RM WARNER, PLC**

                          By:    /s/ Michael B. Dvoren, Esq.
                                 Michael B. Dvoren, Esq.
                                 Raeesabbas Mohamed, Esq.
                                 Gideon Esakoff, Esq.
                                 8283 N. Hayden Road Suite 229
                                 Scottsdale, Arizona 85258
                                 *Attorneys for Plaintiff*