Nancy R. Giles (SBN 020163)
Laura C. Martinez (SBN 031486)
**GILES LAW, PLLC**
4808 N. 22nd Street, Suite 200
Phoenix, AZ 85016
Tel: 602-222-5501
Email: ngiles@gileslegal.com
Email: lmartinez@gileslegal.com

Jason B. Lattimore (JL2434) (*pro hac vice*)
THE LAW OFFICE OF JASON B. LATTIMORE, ESQ. LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 998-7477
Email: Jason@lattimoreLaw.com

*Attorneys for Defendant SinSaint, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Bad Dragon Enterprises, Inc., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SinSaint, Inc., a New York Corporation<br><br>Defendant. | No. 2:24-cv-00609-SRB<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR TO TRANSFER** |

Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1406, 1631 and 1404(a), Defendant, SinSaint, Inc., hereby moves the Court for an order dismissing the Complaint for lack of personal jurisdiction and improper venue or, in the alternative, transferring this action to the United States District Court for the Eastern District of New York.

**<u>INTRODUCTION</u>**

Defendant, a New York corporation with its sole place of business in New York, has no jurisdictional contacts with this forum. It has not conducted business in Arizona,

has never sold any of the products at issue to anyone located here, has neither shipped nor distributed any of the products into the state, has never tailored any aspect of its business to target Arizona or its residents, and otherwise lacks any connection to this forum that would provide a basis for this Court's exercise of jurisdiction over it.

Controlling Ninth Circuit precedent places the burden on Plaintiff to show that this Court has personal jurisdiction over Defendant. Plaintiff cannot meet its burden on these facts, and application of the standard for assessing specific jurisdiction leads inexorably to the conclusion that this Court does not have jurisdiction over Defendant.

Pursuant to the Ninth Circuit's test for specific personal jurisdiction, Plaintiff must prove, *inter alia*, that: (1) Defendant "expressly aimed" specific conduct toward Arizona; and (2) Plaintiff's copyright infringement claims arise out of, or relate to, this same Arizona-related conduct. *Herbal Brands v. Photoplaza, Inc.*, 72 F.4th 1085, 1090-91 (9th Cir. 2023). The accompanying Declaration of Defendant's President, Oleg Semenenko, which details the absence of any jurisdictional contacts between Defendant and the forum, with supporting documentation, demonstrates that Plaintiff cannot meet its burden of proving either of these elements.

Two of Defendant's non-contacts are particularly relevant to the issue of specific jurisdiction. First, Defendant did not sell, distribute, or ship into Arizona the products at issue (or any other products). Second, Defendant's website, where the products were offered, has never reflected an Arizona-specific focus or any intent to cultivate an Arizona audience. In short, Defendant does not have any connection to this District and Plaintiff cannot demonstrate that this Court has personal jurisdiction over Defendant.

Venue in copyright cases is evaluated under essentially the same standard as jurisdiction. Thus, venue is improper in this case for the same reasons that personal jurisdiction is lacking.

Given that that this Court lacks jurisdiction over Defendant, and that venue is correspondingly not properly laid here, this Court may, in the interest of justice and in lieu of dismissal, transfer the matter pursuant to 28 U.S.C. §§ 1406(a) or 1631. And a court

may transfer a matter pursuant to 28 U.S.C. § 1404(a) even where venue is proper. Defendant moves, in the alternative, that this Court transfer this matter to the District Court for the Eastern District of New York, where Defendant has its operations and all of the witnesses and documents concerning Plaintiff's allegations of infringing conduct are located. The Eastern District of New York is the proper venue for adjudicating Plaintiff's claims.

## **RELEVANT FACTS**

Plaintiff is a seller of adult entertainment products, including fantasy-themed sex toys. (Complaint (ECF No. 1) ¶ 1). Plaintiff's principal place of business is located at 901 W. Melinda Lane, Phoenix, Arizona, 85027. (Complaint ¶ 3).

Defendant is a very small start-up company that also sells sex toys. (Semenenko Declaration ¶ 3). Defendant was incorporated on May 2, 2023, in the state of New York and has at all times remained a New York corporation. (*Id.* ¶ 5; Complaint ¶ 4). Throughout the entirety of its existence, Defendant's principal and only place of business has been located at 2201 Neptune Avenue, Suite 5, Brooklyn, New York, 11224. (Semenenko Decl. ¶ 7)

Defendant is not registered to do business in Arizona or in any state other than New York. (Semenenko Declaration, ¶ 6). It has never had any place of business in Arizona. (*Id.* ¶ 7). It has never owned nor leased any property in Arizona. (*Id.* ¶ 11). It has never relied on the services of any Arizona individual or entity in any aspect of the conduct of its business. (*Id.* ¶ 12). It has never had any employees or contractors in Arizona. (*Id.* ¶ 13). It has never had a registered agent in Arizona. (*Id.* ¶ 14). It has never maintained any bank accounts in Arizona. (*Id.* ¶ 15). And it has never paid any taxes to the state of Arizona. (*Id.* ¶ 16).

Plaintiff filed its complaint on March 20, 2024. The Complaint alleges thirteen counts of willful copyright infringement based on the allegation that certain of Defendant's products ("Accused Products") were copies of the Defendant's products. (Complaint ¶¶ 14-18, Counts 1 through 13).

SinSaint offered the Accused Products for sale between May 2023 and early April 2024, with the products being removed from the market shortly after Plaintiff filed this

lawsuit. (Semenenko Decl. ¶¶ 19-20). Defendant has not sold any of the Accused Products in Arizona or to Arizona customers, and it has not shipped any such products to Arizona. (*Id.* ¶¶ 21-25).  It has not sold any Accused Products to any individual or entity known to be from Arizona. (*Id.* ¶ 25). And it has not provided any Accused Products for distribution to or in Arizona. (*Id.* ¶ 26). In fact, none of Defendant's products, including those that are not at issue in this lawsuit, were sold, shipped, or distributed in or to Arizona. (*Id.* ¶¶ 27-29, Exh. A).

During the timeframe pertinent to the allegations of the Complaint, Defendant maintained a website where customers could purchase its products. (Semenenko Declaration, ¶ 19). However, Defendant's website does not have any Arizona-specific focus or content. (*Id.* ¶¶ 17-18). And Defendant has never engaged in any advertising on its website or anywhere else specifically targeting Arizona residents. (*Id.*).

As discussed in detail below, Plaintiff cannot meet its burden of proving the Court has personal jurisdiction over Defendant in light of these facts.

## ARGUMENT

### I. The Legal Standard Under Rules 12(b)(2) and 12(b)(3).

The determination of whether venue is proper in copyright cases depends wholly on the question of whether a court has personal jurisdiction over the defendant. *See Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997) (under 28 U.S.C. § 1400(a), which governs venue in copyright cases, venue is proper in any district where the court has personal jurisdiction over the defendant), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998). Therefore, the issue of jurisdiction and venue in this case are addressed together under the standards applicable to assessing personal jurisdiction.

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). When a

defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Breeland*, 792 F.2d at 926 (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). A plaintiff "cannot simply rest on the bare allegations of its complaint." *In re Boon Glob. Ltd*, 923 F.3d 643, 650 (9th Cir. 2019) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Further, on a motion to dismiss for lack of personal jurisdiction, the court "cannot assume the truth of allegations in a pleading which are contradicted by affidavit." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (citation and quotation marks omitted).

If a relevant federal statute does not provide for personal jurisdiction, a "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(10(A)). Arizona's long-arm statute conforms with the requirements of federal due process. Ariz. R. Civ. P. 4.2(a); *see also A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569 (1995). The analysis of personal jurisdiction under Arizona law and federal due process are, therefore, the same. *Schwarzenegger*, 374 F.3d 797 at 800-01.

Due process requires a nonresident defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945) (internal citation omitted). There are two types of personal jurisdiction: general and specific. See *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Specific jurisdiction depends on contacts with the forum state that give rise to the claims in the case; general jurisdiction permits a court to assert jurisdiction over a defendant based on contacts with the forum state that are unrelated to the action. *Walden v. Fiore*, 571 U.S. 277, 283 n. 6 (2014). The specific jurisdiction analysis focuses solely on the timeframe during which the events giving rise to the lawsuit occurred. *Steel v. United States*, 813 F.2d 1545 (9th Cir. 1987). General jurisdiction, on the other hand, is analyzed based on a defendant's contacts with the forum up to the date the suit was filed. *Gonzalez Corp. v. Consejo*

*Nacional De Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980).

As set forth herein, the Court has neither general nor specific jurisdiction over Defendant.

## II.     This Court Lacks General Personal Jurisdiction Over Defendant.

Defendants are subject to general jurisdiction only when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Moreover, Defendants are subject to general jurisdiction only when these "continuous and systematic" contacts "approximate physical presence" in the forum state." *Schwarzenegger*, 374 F.3d at 801 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)). Plaintiff bears the burden of meeting this "exacting standard" to demonstrate that general jurisdiction exists. *Schwarzenegger*, 374 F.3d at 801.

No credible claim can be made that Defendant is subject to general jurisdiction in the State of Arizona. Defendant has no affiliations with Arizona and has no physical presence in Arizona. Defendant is not incorporated in Arizona. It has no business operations in Arizona or any other connection with the state that could even remotely be considered to approximate physical presence in the state. (Semenenko Decl. at *passim*). Defendant's business has nothing to do with Arizona.

## III.     This Court Lacks Specific Personal Jurisdiction Over Defendant.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283-84 (citations and internal quotation marks omitted). Courts in the Ninth Circuit apply the following three-prong test to determine whether a court has specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

> privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Herbal Brands.*, 72 F.4th at 1090 (quoting *Schwarzenegger*, 374 F.3d at 802)).

The plaintiff bears the burden of proving the first two prongs of the foregoing test, and, if the plaintiff meets its burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation marks omitted) (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017)).

**A.   Plaintiff Cannot Establish that Defendant Purposely Directed Activities Toward Arizona.**

The first prong of the *Herbal Brands* test requires Plaintiff to prove that Defendant "purposely directed" its conduct towards Arizona. For a plaintiff to prove "purposeful direction" it must show that a defendant "expressly aimed" conduct towards the forum State. Plaintiff cannot make this showing.

The first prong of the specific-jurisdiction inquiry identifies two separate concepts, which have given rise to two separate tests in the Ninth Circuit: (1) the "purposeful availment" test; and (2) the "purposeful direction" test. *Herbal Brands*, 72 F.4th at 1090. *Herbal Brands* instructs that courts in the Ninth Circuit "look to the type of claim at issue to determine" which of these tests applies. *Id.* Generally, the "purposeful availment" test applies to contract and negligence claims. *Id.* (internal citations omitted). The "purposeful direction" test, on the other hand, applies where "a case sounds in tort," specifically, torts that involve some aspect of intent with respect to the activities alleged to give rise to the claims. *Id.* (internal citations omitted).

Here, the Complaint sets forth thirteen copyright infringement counts against Defendant and alleges Defendant's purported infringement was "willful." (Complaint at

7

p. 4, ¶ 18, and Counts 1-13). Claims for intellectual property infringement, such as the copyright infringement claims in this case, are analyzed under the purposeful direction framework. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) ("[The plaintiff] alleges copyright and trademark infringement claims, which sound in tort, so we apply a 'purposeful direction' analysis . . . ."); *Mavrix*, 647 F.3d at 1228 (same); *see also Herbal Brands*, 72 F.4th at 1091 (applying purposeful direction analysis to claims for trademark infringement); *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (same).

To determine whether a plaintiff has "purposely directed" activities toward the forum state, the Ninth Circuit looks to the three-part "effects test" established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). *See Herbal Brands*, 72 F.4th at 1091. The *Calder* effects test asks: "whether the defendant '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022) (quoting *Schwarzenegger*, 374 F.3d at 803). The *Calder* effects test focuses on the defendant's actions, not those of third parties, and requires that the defendant specifically target the forum state. See *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017).

### 1. Plaintiff Cannot Satisfy the *Calder* Test Because Defendant Has Not Expressly Aimed Any Activity at Arizona.

Because Plaintiff cannot demonstrate that Defendant sold any products, much less Accused Products, to any Arizona consumers, targeted Arizona Consumers with respect to advertising its products, or engage in any other act directed at Arizona, Plaintiff cannot meet the express aiming element of the *Calder* test.

As the Ninth Circuit explained in *Herbal Brands*, Defendant's operating an interactive website is not sufficient, alone, to establish "express aiming":

> [O]peration of an interactive website does not, by itself, establish express aiming. Otherwise, every time a seller offered a product for sale through an interactive website, the seller would be subjecting itself to specific

8

> jurisdiction in every forum in which the website was visible, whether or not the seller actually consummated a sale. That result would be too broad to comport with due process.

*Herbal Brands*, 72 F.4th at 1091-92 (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011)).  Ninth Circuit cases "have consistently rejected the suggestion that operating a website that is viewable anywhere means that the defendant is suable everywhere." *Briskin,* 87 F.4th at 421. "[S]omething more" than just operating an interactive website is needed to establish express aiming.  *Id.* at 415 (internal citations and quotations omitted).

The "something more" typically has required a showing of conduct purposefully directed into the forum, such as sales to customers known to reside in the forum (see *Herbal Brands*, 72 F.4th at 1094) or that the defendant's website seeks to appeal specifically to forum residents.

> When the website itself is the only jurisdictional contact, our analysis turns on whether the site had a forum-specific focus or the defendant exhibited the intent to cultivate an audience in the forum. See, e.g., *Mavrix*, 647 F.3d at 1222, 1229-31 (holding that the defendant expressly aimed the content of "celebrity-gossip.net" at California because the site had a specific focus on the California-centric entertainment industry); *AMA*, 970 F.3d at 1210 (concluding that the defendant's website "lack[ed] a forum-specific focus" because "the market for adult content is global"); *Will Co.*, 47 F.4th at 924-26 (ruling that the defendant's website hosting and legal compliance documents showed that the defendant intentionally "appealed to and profited from" a specific forum).

*Herbal Brands*, 72 F.4th at 1092.

Here, Plaintiff cannot meet its burden because nothing that would constitute the requisite "something more" is present under the facts of this case. Defendant simply has not done anything to aim its activities at the forum.

### 2. Plaintiff's Allegation That It Suffered Injury In the Forum Do Not Satisfy the Express Aiming Element of the *Calder* Test.

Plaintiff's allegation that the alleged infringement "caused events and injuries to occur within this district" (Complaint ¶ 6) do not satisfy the express aiming element.  The

9

Ninth Circuit has cautioned:

> [R]eferring to the *Calder* test as an 'effects' test can be misleading. For this reason, we have warned courts not to focus too narrowly on the test's third prong--the effects prong--holding that 'something more' is needed in addition to a mere foreseeable effect.

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (quoting *Bancroft*, 223 F.3d at 1087). The Ninth Circuit has further explained:

> Subsequent cases have struggled somewhat with *Calder*'s import, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state will always give rise to specific jurisdiction. We have said that there must be "something more" . . . . We now conclude that "something more" is what the Supreme Court described as "express aiming" at the forum state.

*Bancroft*, 223 F.3d at 1087 (citing *Calder,* 465 U.S. at 789).

A plaintiff cannot establish express aiming at the forum state by alleging that the defendant knew of the plaintiff's forum connections and could have reasonably foreseen the harm in that forum. *See AMA*, 970 F.3d at 1209 n.5 ("In *Walden*, the Supreme Court rejected our prior decisions holding that the express aiming element could be satisfied by a defendant's knowledge that harm may be inflicted on a plaintiff in a particular forum."); *accord Axiom Foods*, 874 F.3d at 1069-70 (affirming dismissal of copyright claims for lack of personal jurisdiction); *see also Werner v. Dowlatsingh*, 818 Fed. Appx. 671, 672 (9th Cir. 2020) (holding that alleged copyright violations based on videos posted on YouTube were not expressly aimed at California).

Similarly, a Plaintiff's connection to the forum state is not pertinent to the analysis of whether a Defendant expressly aimed its actions towards the forum. *See Briskin v. Shopify, Inc.*, 87 F.4th 404, 415 (9th Cir. 2023) ("Does [plaintiff's] California connection matter to the analysis of whether [defendant] expressly aimed its activities toward California? The answer is no."); *see also Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its

1 jurisdiction over him.").

2 Accordingly, Plaintiff's allegations that Defendant caused harm in Arizona cannot
3 alone establish personal jurisdiction over Defendant.

### B. Plaintiff Cannot Prove That Its Claims Arise Out Of or Relate To Forum-Related Activities.

Plaintiff cannot meet its burden of proving the second prong of the *Herbal Brands* test, which requires that Plaintiff's claims arise out of or relate to Defendant's forum-related activities.

A claim "arises out of" the defendants' forum contacts where there is a "causal link" between those contacts and the plaintiff's injury. *LNS*, 22 F.4th at 861. The phrase "relates to" "contemplates that some relationships will support jurisdiction without a causal showing"; however, the concept "incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* (internal citations omitted).

Here, there are no Arizona contacts for Plaintiff's claims to arise out of or relate to. There were no sales of Accused Products or any other activity in or directed toward Arizona relating to Plaintiff's claims. Thus, the "real limits" imposed by the second prong of the personal jurisdiction test dictate that this Court does not have personal jurisdiction over Defendant.

### C. The Exercise of Personal Jurisdiction Would Be Unreasonable.

For all of the reasons discussed above, the exercise of jurisdiction over Defendant in this case would not be reasonable. This is effectively a New York case of alleged infringement. The vast majority, if not all, of the activities surrounding the alleged acts of infringement took place in or were coordinated out of Defendant's place of business in New York. None of those activities occurred in or was directed toward Arizona. And all of the people involved in the alleged acts of infringement are located in New York. The contacts necessary to justify haling Defendant into a court on the other side of the country from where the events giving rise to the alleged claims occurred simply do not exist. The Court lacks jurisdiction over Defendant for this additional reason.

**IV. Alternatively, this Court Should Transfer this Case to the Eastern District of New York.**

Defendant moves, in the alternative, to transfer this case to the District Court for the Eastern District of New York. A court may transfer an action to a district where the case could have been brought upon finding that the court lacks personal jurisdiction or that venue is improper, pursuant to 28 U.S.C. §§ 1406 or 1631, or for convenience under 28 U.S.C. § 1404(a). Transfer is warranted in this case under either framework.

**A. Transfer Under 28 U.S.C. § 1406(a) or 1631.**

In lieu of dismissal, where a district court lacks personal jurisdiction over the defendant or where venue is improper, the court may, in the interest of justice, transfer the case to a district court where the case "could have been brought." 28 U.S.C. § 1406(a); 28 U.S.C. § 1631; *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962). Thus, in *Werner v. Multiply Media*, the Central District of California transferred a copyright infringement case from the Central District of California to the Eastern District of Missouri in the "interest of justice" "based on the location of [defendant's'] principal place of business and its consent" to transfer, and "because venue [was] proper in that district, and the parties concede[d] that the Action could have been brought there." *Werner v. Multiply Media*, No. C 20-4240-RSWL-JEM, 2021 U.S. Dist. LEXIS 235341, 2021 WL 5751460 (C.D. Cal. Jan. 8, 2021), at *8. Defendant consents to transfer of this action to the Eastern District of New York. There is no question that the district court in the Eastern District of New York has personal jurisdiction over Defendant and that venue would be proper there. Transfer to the Eastern District of New York would thus serve the interest of justice by docketing this case in the court where venue is proper and the matter may move forward on the merits.

**B. Transfer Pursuant to 28 U.S.C. § 1404(a).**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court "has discretion

12

to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotation marks omitted). The party seeking transfer generally bears the burden "to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759-60 (C.D. Cal. 2016).

Because Plaintiff cannot dispute that this action could have been brought in the Eastern District of New York, this Court need only consider whether transfer would be more convenient and in the interest of justice. *See* 28 U.S.C. § 1404(a). In making this determination the Court may consider many factors including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

The fifth, sixth and eighth factors are particularly relevant to the present motion. As to the fifth factor (contacts relating to the cause of action with the forum), as discussed above, there are none. This factor weighs heavily in favor of transfer.

With respect to the sixth factor (costs of litigating in the respective forums) Plaintiff is far better situated, financially, to litigate in the Eastern District of New York than Defendant is to litigate in the District of Arizona. Defendant is a small start-up company with less than $5,000 in revenue over the past year. (Semenenko Decl. ¶¶ 3-4). In contrast, online sources estimate Plaintiff's annual sales to be in excess of $12 million. (*Id.* ¶ 30, Exh. B). The disproportionate financial burden on Defendant of litigating in Arizona also weighs heavily in favor of transfer.

As to the eighth factor (ease of access to sources of proof), Defendant's offices and all of its operations are located in the Eastern District of New York, along with all of its

employees and officers. (Semenenko Decl. ¶¶ 7-8). All of the documents and information related to the conduct Plaintiff alleges give rise to its infringement claims are located at Defendant's offices in Brooklyn, New York, as well. (*Id.* ¶ 9). Presenting the pertinent documents and witnesses at trial in the Eastern District of New York would present a far less complicated and far less burdensome task than doing so across the country, in Arizona. And, again, Plaintiff is far better positioned to litigate its claims in New York than Defendant is to litigate in Arizona.

The remaining factors are either inapposite or neutral in the context of this case. As the factors most pertinent to this case overwhelmingly favor transfer to the Eastern District of New York, the Court should grant Defendant's motion.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion to dismiss or, in the alternative, transfer this action to the District Court for the Eastern District of New York.

DATED this 14th day of August, 2024.

GILES LAW, PLLC

By /s/ *Nancy R. Giles*
Nancy R. Giles
Laura C. Martinez
4808 N. 22nd St., Ste. 200
Phoenix, AZ 85016

Jason B. Lattimore
The Law Office of Jason B. Lattimore, Esq. LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960

*Attorneys for Defendant SinSaint, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically transmitted the attached document, along with the accompanying Declaration of Oleg Semenenko with exhibits, and Proposed Order to the Clerk's Office using the CM/ECF System, which also electronically submits the attached document to all registered users thereon.

By:/s/ *Amanda Gorski*
    Amanda Gorski